# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| TIMOTHY D. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00012 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| SMAC FISHERIES, LLC, | ) | [Re: Motion at docket 82] |
| *in personam*, and *F/V RAI DAWN*, | ) | |
| *in rem*, | ) | |
| | ) | |
| Defendants. | ) | |

## I. MOTION PRESENTED

At docket 82, plaintiff Timothy D. Martin ("Martin") moves to exclude certain evidence. Martin's supporting memorandum is at docket 83. Defendant SMAC Fisheries, LLC ("SMAC") opposes the motion at docket 93. Martin replies at docket 97. Oral argument was not requested, and it would not assist the court.

## II. DISCUSSION

Martin's motion addresses four topics. The first is Dr. Boland's medical record. The second is the admissibility of certain anticipated testimony from SMAC's expert witness Dr. Kase. The third relates to Martin's failure to file tax returns. The fourth relates to certain impeachment evidence. The court addresses each topic in turn.

**A. Dr. Boland's Medical Record**

The following can be ascertained from Martin's deposition.[1] In 2009, James Boland was a physician in Colorado who was consulted by Martin in October of 2009. Martin's purpose in seeing Dr. Boland was to secure a doctor's statement to support Martin's application to use medical marijuana. Dr. Boland's record called a "Physician's Certification" indicates that Martin had back pain and lumbar spasms.[2]

It is undisputed that Martin successfully used Dr. Boland's medical record to support his application for the use of medical marijuana. It is also undisputed that Martin successfully obtained the authorization. Dr. Boland's record precedes the incident which gives rise to this litigation by several months.

SMAC would offer the medical record into evidence at trial pursuant to the business records exception to the hearsay rule. The only reason given to support Martin's request to exclude Dr. Boland's record is stated in a single sentence: "Should Defendant attempt to introduce the Boland record, Plaintiff will assert a foundation objection that the circumstances of Dr. Boland's practice lack the required indicia of trustworthiness to qualify for the business records exception to the hearsay rule."[3] To support that argument, Martin points to three newspaper articles which address what appears to be widespread abuse of medical marijuana laws by a variety of persons and entities, one of whom is Dr. Boland.

The newspaper stories suggest that Dr. Boland is running a "mill" which generates physician's certificates for nearly anyone which in turn generates a lot of revenue. The news accounts also suggest that Dr. Boland simply relies on what his patients tell him about their conditions, rather than on a proper medical assessment. If that is accurate, it would mean that Martin told Dr. Boland that he had a bad back. In any event, the newspaper articles are hearsay and do not provide a basis for determining that the physician's certificate was not a business record made in the

---

[1] A portion of the deposition was filed at docket 94, pages 2-11.

[2] A copy of the Physician's Certification appears as Exhibit A to docket 83.

[3] Doc. 83 at pp. 2-3.

ordinary course of Dr. Boland's medical practice, whatever may have been the nature of that practice. It may be added that the undisputed fact that the State of Colorado relied on the document in approving the use of marijuana by Martin lends support to the proposition that the document is, in fact, Dr. Boland's business record. In short, the hearsay in the newspaper articles provides inadequate support for Martin's position. Of course, Martin may impeach the probative value of the physician's certificate through his own testimony about his experience with Dr. Boland. Given the inadequacy of the only argument advanced to exclude Dr. Boland's record, the request to exclude it from evidence is denied.

### Dr. Kase

Martin contends that defense expert Dr. Kase may be asked to testify that the opinion by plaintiff's expert, Dr. Gritzka, to the effect that a pre-existing back injury was exacerbated by the knee injuries Martin sustained as an *F/V Rai Dawn* crewman should not be permitted. The basis for this request is that no rebuttal expert report for Dr. Kase was provided. SMAC acknowledges no rebuttal report was filed, but would excuse that failure on the grounds that having timely filed its own initial expert report, SMAC did not oppose Martin's request to extend the deadline for production of his expert's initial report, which extension left too little time for Dr. Kase to prepare a rebuttal report. SMAC also concedes that Dr. Kase's testimony will be limited to testimony based on the opinions and reasons expressed in his initial report.

The court's scheduling order at docket 22 required a simultaneous exchange of expert reports and provided for a simultaneous exchange of expert rebuttal reports. The deadlines were extended in an order at docket 26 approving the parties' stipulation to extend certain deadlines such that the initial expert reports were due on January 3, 2012, with rebuttal reports due on February 3, 2012. Thereafter, at docket 41 the parties stipulated to continue the deadline for the initial reports until January 17, 2012, but did not request any extension in the deadline for rebuttal reports. The court approved the stipulation at docket 26. Neither party filed a rebuttal report.

A rebuttal report is not necessary to allow an expert who has provided an initial report to testify about why he disagrees with a different expert's opinions **provided** that

in doing so, the expert criticizing the other's opinion does not rely on a basis undisclosed in his initial report.  To illustrate: If Expert One says in his initial report that Test A means X is true, and Expert Two opines that X is not true or only partly true in his initial report, Expert One need not provide a rebuttal report in order to critique Expert Two's opinion at trial based on Test A.  On the other hand, if in order to rebut Expert Two's opinion, Expert One must rely on Test B which was not disclosed in his initial report, then Expert One may do so only if he provided a rebuttal report making that point.

SMAC does not dispute the proposition that Dr. Kase's testimony must be limited to the opinions and reasons given in his initial report, so Martin's request that his testimony be so limited is denied as moot.  Given the purpose of rebuttal reports, plaintiff's second request that Dr. Kase be prohibited from giving testimony critical of Dr. Gritzka's opinions and the reasons therefore is denied to the extent that Dr. Kase may do so in reliance on his own initial opinions and supporting reasons.  To the extent that Dr. Kase might attempt to rely on new opinions or reasons, the motion is granted.

**Failure to File Tax Returns**

While conceding that his failure to file tax returns may be used to rebut his claims of substantial income in past years, Martin asks the court to foreclose any assertion that the failure to file tax returns reflects on Martin's credibility.  Martin relies on two Georgia state court decisions and Fed. R. Evid. 404(b).  The Georgia cases are not controlling and are not persuasive in the context of the case at bar.

Martin's reliance on Rule 404(b) is misplaced.  That rule provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  SMAC points out that it will not use the failures to file in some years to show action in conformity therewith in other years.  This takes the use of the failures to file outside Rule 404(b).  If Martin testifies that he had substantial income in a year for which he failed to file a tax return, the failure to file is something that may be considered in assessing his credibility.  This request is denied.

**Impeachment Testimony and Documentation**

In his reply, Martin concedes that asking the court to rule on impeachment evidence is premature at this time. Accordingly, the request will be denied without prejudice to renewal later as to specific testimony or exhibits.

### III. CONCLUSION

The motion at docket 82 is **GRANTED in part and DENIED in part** consistent with the discussion above.

DATED this 30th day of May 2012.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE